UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENANCIO RODRIGUEZ, | ) | 1:09-cv—00766-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS (Doc. 1) |
| | ) | |
| v. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | ENTER JUDGMENT AND CLOSE THE CASE |
| KEN CLARK, | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| | ) | |

On April 29, 2009, Petitioner, who is currently incarcerated at the California Substance Abuse and Treatment Facility at the California State Prison at Corcoran, filed a petition for writ of habeas corpus in this Court. (Pet. 1.)  On May 11, 2009, Petitioner filed a signed, written form indicating his consent to have a United States Magistrate Judge conduct all further proceedings in this case.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner, 2) state the facts supporting each ground, and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, adv. comm. notes, 1976 adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory committee notes to Habeas Rule 8, 1976 adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

1    1988).

2         A petitioner can satisfy the exhaustion requirement by

3    providing the highest state court with the necessary jurisdiction

4    a full and fair opportunity to consider each claim before

5    presenting it to the federal court, and demonstrating that no

6    state remedy remains available.  Picard v. Connor, 404 U.S. 270,

7    275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

8    1996).  A federal court will find that the highest state court

9    was given a full and fair opportunity to hear a claim if the

10   petitioner has presented the highest state court with the claim's

11   factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365

12   (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

13   (1992), superceded by statute as stated in Williams v. Taylor,

14   529 U.S. 362 (2000) (factual basis).

15        Additionally, the petitioner must have specifically told the

16   state court that he was raising a federal constitutional claim.

17   Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

18   (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

19   v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

20   133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United

21   States Supreme Court reiterated the rule as follows:

22        In Picard v. Connor, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
23       petitioners "fairly presen[t]" federal claims to the
         state courts in order to give the State the
24       "'opportunity to pass upon and correct' alleged
         violations of the prisoners' federal rights" (some
25       internal quotation marks omitted). If state courts are
         to be given the opportunity to correct alleged violations
26       of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting
27       claims under the United States Constitution. If a
         habeas petitioner wishes to claim that an evidentiary
28       ruling at a state court trial denied him the due

                                  3

1    process of law guaranteed by the Fourteenth Amendment,
2    he must say so, not only in federal court, but in state
     court.

3    *Duncan*, 513 U.S. at 365-366.   The Ninth Circuit examined the rule

4    further in *Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir.

5    2000), as amended by *Lyons v. Crawford*, 247 F.3d 904, 904-05 (9th

6    Cir. 2001), stating:

7         Our rule is that a state prisoner has not "fairly
          presented" (and thus exhausted) his federal claims
8         in state court unless he specifically indicated to
          that court that those claims were based on federal law.
9         See, *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir.
          2000). Since the Supreme Court's decision in *Duncan*,
10        this court has held that the petitioner must make the
          federal basis of the claim explicit either by citing
11        federal law or the decisions of federal courts, even
          if the federal basis is "self-evident," *Gatlin v. Madding*,
12        189 F.3d 882, 889 (9th Cir. 1999) (citing *Anderson v.
          Harless*, 459 U.S. 4, 7... (1982)), or the underlying
13        claim would be decided under state law on the same
          considerations that would control resolution of the claim
14        on federal grounds, see, *e.g.*, *Hiivala v. Wood*, 195
          F.3d 1098, 1106-07 (9th Cir. 1999); *Johnson v. Zenon*,
15        88 F.3d 828, 830-31 (9th Cir. 1996); *Crotts*, 73 F.3d
          at 865.
16        ...
          In *Johnson*, we explained that the petitioner must alert
17        the state court to the fact that the relevant claim is a
          federal one without regard to how similar the state and
18        federal standards for reviewing the claim may be or how
          obvious the violation of federal law is.
19
20   *Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir. 2000), as

21   amended by *Lyons v. Crawford*, 247 F.3d 904, 904-05 (9th Cir.

22   2001).

23        Where none of a petitioner's claims has been presented to

24   the highest state court as required by the exhaustion doctrine,

25   the Court must dismiss the petition.   *Raspberry v. Garcia*, 448

26   F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478,

27   481 (9th Cir. 2001).   The authority of a court to hold a mixed

28   petition in abeyance pending exhaustion of the unexhausted claims

4

has not been extended to petitions that contain no exhausted claims. <u>Raspberry</u>, 448 F.3d at 1154.

In this case, Petitioner raises claims concerning having been sentenced in 1998 in the Kern County Superior Court for a prior conviction or convictions which were not his convictions. (Pet. 4-5, 7.)  Petitioner states that he did file an appeal, but he states that he did not seek review in the California Supreme Court.  (Pet. 9.)  Thus, the entire petition is unexhausted and must be dismissed.  28 U.S.C. § 2254(b)(1).

III. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

5

1  529 U.S. 473, 483-84 (2000). In determining this issue, a court
2  conducts an overview of the claims in the habeas petition,
3  generally assesses their merits, and determines whether the
4  resolution was debatable among jurists of reason or wrong. Id.
5  It is necessary for an applicant to show more than an absence of
6  frivolity or the existence of mere good faith; however, it is not
7  necessary for an applicant to show that the appeal will succeed.
8  Id. at 338.

9      A district court must issue or deny a certificate of
10 appealability when it enters a final order adverse to the
11 applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

12     In the present case, the Court finds that reasonable jurists
13 would not find the Court's determination that Petitioner is not
14 entitled to federal habeas corpus relief debatable, wrong, or
15 deserving of encouragement to proceed further. Petitioner has
16 not made the required substantial showing of the denial of a
17 constitutional right.

18     Accordingly, the Court DECLINES to issue a certificate of
19 appealability.

20     IV. Disposition

21     Accordingly, it is ORDERED that:

22     1) The petition for writ of habeas corpus is DISMISSED for
23 lack of exhaustion of state court remedies;

24     2) The Clerk is DIRECTED to enter judgment and close the
25 case; and

26 ///

27 ///

28 ///

1    3) The Court DECLINES to issue a certificate of

2   appealability.

3

4   IT IS SO ORDERED.

5   **Dated:    June 25, 2010**                              **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28